IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Richard Max Fleming, M.D., J.D. | ) | Case No. 1:17cv01141 |
| | ) | |
| Plaintiff, | ) | Opposition to Motion to Dismiss, |
| | ) | |
| v. | ) | Motions for (1) Judgment by Default, |
| | ) | |
| Chad A. Brown, | ) | (2) Summary Judgment and |
| | ) | |
| Defendant. | ) | (3) Contempt of Court for Perjury. |

### REQUEST FOR DEFAULT

The summons and complaint served upon defendant specifically states that within 21 days of service, defendant is to serve plaintiff with an answer or motion. As of 8 September 2017 (the 22nd day) plaintiff has not received it. The following opposition to the Motion to Dismiss, Motions for Judgment by Default, Summary Judgment and Contempt of Court for Perjury is only possible because plaintiff can now see a Motion to Dismiss on PACER. Accordingly, defendant and counsel appear to have electronically filed this motion to dismiss, but not with the plaintiff himself.

### THIS COURT CLEARLY HAS JURISDICTION UNDER SERVICE, DEFAMATION AND TORTUOUS INJURY TO DISTRICT OF COLUMBIA CITIZENS

This Court is the appropriate Jurisdiction and Venue for the filing of statutory infringement of a patent and for violation of copyrights including but not limited to 35 USC § 271, 17 USC § 501, 28 USC § 1338, 17 USC § 101 et. seq.

This court has established personal jurisdiction over the defendant having personally served defendant through the U.S. Marshalls Office in Reno, NV on 17 August 2017. Defendant does not claim a defect in service. This court is also the correct court for venue as a U.S. Patent and Copyrights have effect throughout the



entire United States, including not excluding the District of Columbia. As such defendant has committed acts of patent infringement and copyright violation; hence this Court has both personal jurisdiction and venue in this case. There is nothing to suggest that the documents promulgated by defendant, including videos, LinkedIn postings et al, have in anyway excluded the District of Columbia and as a Federal Court as established by Article III of the U.S. Constitution, has authority to hear this case.

Additionally, the complaint also stipulates there has been defamation of plaintiff by defendant. Plaintiff's reputation is damaged by the malicious misrepresentation of facts as defendant promotes himself as the inventor of patent # 9566037, while plaintiff has made in known to the Medical and Journalistic community, *including the Washington, D.C. area*, that the patent and copyrights were issued to plaintiff. In *Jankovic v. International Crisis Group*, 494 F.3d 1080 (D.C. Circuit. 20017), the D.C. Circuit has held that a single publication rule applies to statements posted on the Internet in cases of defamation.

Additionally, defense counsel includes part *but not all* of the District of Columbia Long-Arm Statute, § 13-422. Specifically, § 13-422 (a)(7)(e):

> "Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise personal jurisdiction if there is any basis **consistent with the United States Constitution** for the exercise of personal jurisdiction." (emphasis added)

Dismissal of the case would deny plaintiff his U.S. Constitutional rights under Article 1, § 8, and *inter alia* 35 U.S.C. § 271(d):

> "No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent

2

> shall be denied relief ... (3) sought to enforce his patent rights against infringement or contributory infringement; ...."

Since absent the SCOTUS, the final recognized arbitrator for patent and copyright law is the U.S. Court of Appeals for the Federal Circuit, if this Court does not believe it has jurisdiction, plaintiff moves for the case to be transferred to the U.S. Court of Appeals for the Federal Circuit.

However, plaintiff believes he has established personal jurisdiction and venue *inter alia* U.S. Marshall service upon defendant as well as the impact of defendant's actions including but not limited to defamation of plaintiff.

Additionally, the District of Columbia Long-Arm statute establishes jurisdiction and venue in this case by virtue of the tortuous injury that would be inflicted upon residents of the District of Columbia should the Court dismiss the case. As a U.S. Patent and copyrights, which by their very definition and the U.S. Constitution are intended to provide benefit to the entire country, including the District of Columbia, any actions taken by the defendant to limit the distribution and use of this test and in particular to exclude the District of Columbia, does in fact establish jurisdiction over the defendant under the District of Columbia Long-Arm statute (taken from page 5 of defense counsels motion), as the exclusion of the diagnostic test for heart disease and breast cancer which corrects for the current 35% error rate (misdiagnosis), would most definitely cause "tortuous injury" to those who would be "deprived" of receiving it, viz. the citizens of the District of Columbia, pursuant to defendant and his counsel's own statement of restricting use to Nevada only.

§ 13-422 (a)(3)(e): causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;

For all the above reasons, this Court has jurisdiction in this case both under venue and personal jurisdiction of defendant.

Accordingly, Plaintiff also believes this Court <u>should immediately deny the Motion to Dismiss, grant judgment by default and grant this motion for summary judgment in for the reasons noted passim</u>.

### OBFUSCATING DISCUSSION OF OMNIFIC OPERATING AGREEMENT

In addition to opposing the motion to dismiss, to grant judgment by default and MSJ, plaintiff is compelled to briefly address defendant's declaration made "under penalty of perjury" and it's use by defense counsel. In final analysis, this "agreement" should be stricken from the record as non-probative (FRE Rule 401 and 403) and obfuscatory having nothing to do with the complaint *inter alia* of defendant's claim that the patent was issued to defendant, the dissemination of that claim through social media and the internet, the defamation of plaintiff and the illegal testing and use of nuclear isotopes in individuals without a medical or nuclear license to do so.

Defendant states, that "5. Mr. Fleming and I are members of Omnific." Exhibit 1, attached to this Opposition to the Motion for Dismissal and Motions for Summary Judgment and Judgment by Default, clearly shows that defendant's filing of said corporation with the State of Nevada as verified to plaintiff by the Nebraska Secretary of State <u>does not list plaintiff as a member of Omnific</u>. For defendant to state under penalty of perjury that that plaintiff is a member of Omnific and then to

Case 3:17-cv-00707-MMD-WGC   Document 11   Filed 09/11/17   Page 5 of 13

file documents with the State of Nevada showing the opposite is true, is in fact perjury and possibly fraud. For defense counsel to not verify this with the Secretary of State for the State of Nevada before filing the Motion to Dismiss with the Court borders on legal incompetence.

The defendant also states "11. In 2015, Mr. Fleming licensed the Copyrights and Patent to Omnific LLC." Plaintiff did not. First the obvious, the patent had not yet been issued in 2015 so it could not have been licensed to anyone. Secondly, agreements are not enforceable by law, while contracts are. Thirdly, there is no licensure contract or agreement between the parties detailing an actual licensure. Fourth, the defendant is not a licensed physician, or a physician period; neither does he possess a nuclear materials license, which would be required for him to legally conduct studies under the patent and have a license to use it. Thus raising serious concerns of the defendant practicing medicine without a license.

Fifth, rather than attaching 82 pages of redundant material including two copies of material, which defendant did through his counsel, plaintiff will attach only one page *infra*, which is the relevant material showing that THE INTELLECTUAL PROPERTY WAS EXCLUDED FROM SAID "agreement."

Noting that the first document from 2015 does not have the plaintiff and defendant initials/signing, the second document with initials **specifically shows the exclusion of the patent and copyrights**. From defendants very own Exhibit 2, page 44 of 82:

tissues, spaces within/between tissues, masses, etc. Such intellectual property includes, and is not limited to, any/all patents applied for by Richard Fleming in the past or present related to the above mentioned. Such intellectual property also includes and is not limited to any present patents applied for using as basis or leading/extending from the knowledge, expertise, or experience of Richard Fleming within the scope of or related to the science referenced or referred to herein. While tissue health, cancer and cardiovascular screening, diagnosis, monitoring, care and treatment (collectively, the "Core Areas") are considered central to and the critical scientific bases for the core business of Omnific, LLC, the intellectual property related to these wide fields will fuel, and be essential to, applications within and beyond these wide fields. Any/all scientific past, present and future advancements by Richard Fleming, his assigns and/or his heirs, arising from Richard Fleming's intellectual property within these two wide fields will be excluded from Richard Fleming's intellectual property offered to Omnific, LLC as part and parcel of Richard Fleming's Initial Capital Contribution in lieu of cash in exchange for his initial membership interest in Omnific, LLC. As example of such intellectual property and not constituting the entirety of such intellectual property, one or more past/current patent applications is attached to this Operating Agreement as Appendix 3, of which the pages are signed and dated by Richard Fleming and Chad Brown. Richard Fleming also agrees to maintain and pursue execution of any/all patents pending and granted included in his Initial Capital Contribution in perpetuity.

If Richard Fleming has patents pending or granted, or other intellectual property that he intends to specifically exclude from this Agreement, he acknowledges here by brief description and he attaches full disclosure and description to this Agreement as Appendix 4 (Disclosed and Excluded Intellectual Property of Richard Fleming, M.D.)

I, _Richard M. Fleming, M.D._ (signature of Richard Fleming), do hereby acknowledge the X existence, or, ___ absence of my intellectual property that is not included in this Agreement, yet may appear to be otherwise included within the field(s) specified herein, which excluded intellectual property is described below. Such excluded intellectual property is specifically excluded from my Initial Capital Contribution, and will remain my intellectual property and no license thereto is granted to the Company.
Description of Excluded Intellectual Property:
1. Subject to the license granted to the Company, intellectual property contained in published papers as listed in attached CV.
2. Subject to the license granted to the Company, copyrighted material as noted in CV.
3. Subject to the license granted to the Company, any and all patent rights owned or held by Richard Fleming.
_RMF_ (initialed by Richard Fleming)      _____ (initialed by Chad Brown)

!10
OperatingAgreement/OmnificLLC/ChadBrown/May-15-2015

Hence, the very thing defendant claims, that he has some type of control over plaintiffs copyrights and patent, is again contradicted by the evidence provided by the defendant himself and his counsel, showing that the patent and copyrights, including any "past, present or future advancements" are EXCLUDED from the "agreement". There is no "agreement" or "license" here for defendant to use plaintiff's intellectual property or claim it was issued to him by the USPTO. Defendant never denies the complaint that he has claimed the patent was issued to him.

Finally, the statement by defense counsel that the patent and copyrights are limited to Nevada cannot be correct as they are EXCLUDED from the "agreement". However, as established *supra*, such a position clearly places this case within the District of Columbia's Long-Arm statute.

## MOTION FOR SUMMARY JUDGMENT

Each allegation of a complaint is deemed to have been admitted if it is unanswered. Here the defendant has failed to dispute that he intentionally posted on social media, the Internet and informed people that the patent had been issued to him. Pursuant to case law (well established and if need be I will quote SCOTUS cases) and FRCP Rule 56, failure to dispute the facts and matters of law in a case should result in summary judgment for the party submitting the undisputed facts and matters of law. Here defendant and his counsel do not dispute that defendant claimed that the patent (#9566037) was issued to himself and not the plaintiff.

Defendant does not deny that the copyrights were issued to plaintiff, not the defendant and that defendant has without expressed consent of plaintiff violated the

copyrights as shown in the original complaint filings. Defendant does not deny that he posted such information on the Internet *supra* along with videos where women underwent testing using plaintiffs patented test and that the women on video note that it was defendant and doctors other than plaintiff who made them aware of and conducted the breast cancer test; again without a license to do so or written consent by plaintiff.

Defendant does not deny that he conducted tests at Dr. David Prothro's office in Reno, NV infringing upon the patent and practicing medicine without a license and in violation of Dr. Prothro's nuclear license as defendant is not an authorized user on Dr. Prothro's nuclear license, nor could he be legally. There is no information to suggest that the women so studied were made aware that this patented test was in fact the plaintiffs. Defendant does not deny that he conducted these tests on women without a medical license to do so.

As a matter of law, defendant has violated plaintiff's Constitutional and Statutory patent and copyright rights and does not deny it. His only defense is an "agreement" which by it's very words proof that plaintiff's intellectual property was in fact EXCLUDED from said "agreement." In bad faith, defendant and counsel waited until the last minute to electronically file with this Court a motion to dismiss and did not serve plaintiff by due date (7 September 2017).

Accordingly as undisputed facts and matters of law *supra*, this Court should find for plaintiff and accordingly grant plaintiff's motion for summary judgment.

o

## MOTION TO STRIKE THE MOTION TO DISMISS AND PRAYER FOR RELIEF/REMEDIES

Plaintiff asks that this Court immediately deny the motion to dismiss for the above noted reasons and to grant the motion for judgment by default and MSJ.

Defendant has failed to serve plaintiff as stipulated in the summons as of midnight 8 September 2017 and accordingly, judgment by default is due plaintiff.

Pursuant to *inter alia* the above noted Federal Codes and 17 U.S.C. §504, 15 U.S.C. §1117, 35 U.S.C. §284, 35 U.S.C. §289, 35 U.S.C. §271 (d), §13-422 (a)(3)(e) and (a)(7)(e), plaintiff seeks statutory damages of $500,000 for the statutory violation of plaintiff's copyrights and patent by defendant as noted on the Civil Cover sheet, the original complaint and the opposition and motions so filed today, or greater amount if the Court believes a greater amount should be awarded given the defamation and defendant's boast that the use of plaintiff's patent will generate tens of millions of dollars for defendant in a matter of months to years.

Plaintiff also asks that this Court consider perjury charges against defendant for the intentional "under penalty of perjury" declarations made by defendant as well as potential medical malpractice and violations of CFRs for the use and handling of nuclear material. Plaintiff also asks that defense counsels failure to verify statements made by defendant when said documents can be easily verified on line or by calling the Secretary of State for the State of Nevada be addressed by the Court.

Respectfully submitted,

Dated: 8 September 2017

*Richard Max Fleming, M.D., J.D.*

———————————————
Richard Max Fleming, M.D., J.D.(Pro se)
4055 Lankershim Blvd., #422
Studio City, CA 91604
rmfmd7@hotmail.com
(818) 821-9576


*050105*



**BARBARA K. CEGAVSKE**
Secretary of State
202 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website: www.nvsos.gov

# Articles of Organization
## Limited-Liability Company
(PURSUANT TO NRS CHAPTER 86)

| Filed in the office of | Document Number |
|---|---|
| *Barbara K. Cegavske* | 20160140571-17 |
| Barbara K. Cegavske | Filing Date and Time |
| Secretary of State | 03/29/2016 3:51 PM |
| State of Nevada | Entity Number |
| | E0143672016-3 |

USE BLACK INK ONLY - DO NOT HIGHLIGHT                                             ABOVE SPACE IS FOR OFFICE USE ONLY

**1. Name of Limited-Liability Company:** (must contain approved limited-liability company wording; see instructions)
OMNIFIC LLC

☐ Check box if a Series Limited-Liability Company
☐ Check box if a Restricted Limited-Liability Company

**2. Registered Agent for Service of Process:** (check only one box)
☐ Commercial Registered Agent: _Name_
☒ Noncommercial Registered Agent (name and address below)    **OR**    ☐ Office or Position with Entity (name and address below)

CHAD BROWN
_Name of Noncommercial Registered Agent  OR  Name of Title of Office or Other Position with Entity_

| 102 WEST JEFFREY PINE ROAD | RENO | Nevada | 89511 |
|---|---|---|---|
| Street Address | City | | Zip Code |
| 102 WEST JEFFREY PINE ROAD | RENO | Nevada | 89511 |
| Mailing Address (if different from street address) | City | | Zip Code |

**3. Dissolution Date:** (optional)
Latest date upon which the company is to dissolve (if existence is not perpetual):

**4. Management:** (required)
Company shall be managed by: ☒ Manager(s)  **OR**  ☐ Member(s)
(check only one box)

**5. Name and Address of each Manager or Managing Member:** (attach additional page if more than 3)

1) CHAD BROWN
_Name_

| 102 WEST JEFFREY PINE ROAD | RENO | NV | 89511 |
|---|---|---|---|
| Street Address | City | State | Zip Code |

2)
_Name_

| | | | |
|---|---|---|---|
| Street Address | City | State | Zip Code |

3)
_Name_

| | | | |
|---|---|---|---|
| Street Address | City | State | Zip Code |

**6. Effective Date and Time:** (optional)
Effective Date:                          Effective Time:

**7. Name, Address and Signature of Organizer:** (attach additional page if more than 1 organizer)
I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.

CHAD BROWN                                X CHAD BROWN
_Name_                                      _Organizer Signature_

| 102 WEST JEFFREY PINE ROAD | RENO | NV | 89511 |
|---|---|---|---|
| Address | City | State | Zip Code |

**8. Certificate of Acceptance of Appointment of Registered Agent:**
I hereby accept appointment as Registered Agent for the above named Entity.

X CHAD BROWN                                                                      3/29/2016
_Authorized Signature of Registered Agent or On Behalf of Registered Agent Entity_     _Date_

*This form must be accompanied by appropriate fees.*                   Nevada Secretary of State NRS 86 DLLC Articles
                                                                                           Revised: 1-5-15

**INITIAL/ANNUAL LIST OF MANAGERS OR MANAGING MEMBERS AND STATE BUSINESS LICENSE APPLICATION OF:**

ENTITY NUMBER

OMNIFIC LLC

E0143672016-3

NAME OF LIMITED-LIABILITY COMPANY

FOR THE FILING PERIOD OF   MAR, 2016   TO   MAR, 2017

*100403*

USE BLACK INK ONLY - DO NOT HIGHLIGHT

**YOU MAY FILE THIS FORM ONLINE AT www.nvsilverflume.gov**

☐ Return one file stamped copy. (If filing not accompanied by order instructions, file stamped copy will be sent to registered agent.)

**IMPORTANT:** Read instructions before completing and returning this form.

1. Print or type names and addresses, either residence or business, for all manager or managing members. A **Manager**, or if none, a **Managing Member** of the LLC must sign the form. **FORM WILL BE RETURNED IF UNSIGNED.**
2. If there are additional managers or managing members, attach a list of them to this form.
3. Return completed form with the fee of $150.00. A $75.00 penalty must be added for failure to file this form by the deadline. An annual list received more than 90 days before its due date shall be deemed an amended list for the previous year.
4. State business license fee is $200.00. Effective 2/1/2010, $100.00 must be added for failure to file form by deadline.
5. Make your check payable to the Secretary of State.
6. **Ordering Copies:** If requested above, one file stamped copy will be returned at no additional charge. To receive a certified copy, enclose an additional $30.00 per certification. **A copy fee of $2.00 per page** is required for **each additional copy** generated when ordering 2 or more file stamped or certified copies. Appropriate instructions must accompany your order.
7. Return the completed form to: Secretary of State, 202 North Carson Street, Carson City, Nevada 89701-4201, (775) 684-5708.
8. Form must be in the possession of the Secretary of State on or before the last day of the month in which it is due. (Postmark date is not accepted as receipt date.) Forms received after due date will be returned for additional fees and penalties. Failure to include annual list and business license fees will result in rejection of filing.

Filed in the office of
Barbara K. Cegavske
Barbara K. Cegavske
Secretary of State
State of Nevada

Document Number
**20160140572-28**
Filing Date and Time
**03/29/2016 3:52 PM**
Entity Number
**E0143672016-3**

(This document was filed electronically.)
**ABOVE SPACE IS FOR OFFICE USE ONLY**

**ANNUAL LIST FILING FEE:** $150.00   LATE PENALTY: $75.00 (if filing late)   **BUSINESS LICENSE FEE:** $200.00   LATE PENALTY: $100.00 (if filing late)

**CHECK ONLY IF APPLICABLE AND ENTER EXEMPTION CODE IN BOX BELOW**

☐ Pursuant to NRS Chapter 76, this entity is exempt from the business license fee. Exemption code: [   ]

**NOTE:** If claiming an exemption, a notarized Declaration of Eligibility form must be attached. Failure to attach the Declaration of Eligibility form will result in rejection, which could result in late fees.

**NRS 76.020 Exemption Codes**
001 - Governmental Entity
005 - Motion Picture Company
006 - NRS 680B.020 Insurance Co.

| NAME | | | |
|---|---|---|---|
| CHAD BROWN | **MANAGER OR MANAGING MEMBER** | | |
| ADDRESS | CITY | STATE | ZIP CODE |
| 102 WEST JEFFREY PINE ROAD, USA | RENO | NV | 89511 |
| NAME | | | |
|  | **MANAGER OR MANAGING MEMBER** | | |
| ADDRESS | CITY | STATE | ZIP CODE |
|  |  |  |  |
| NAME | | | |
|  | **MANAGER OR MANAGING MEMBER** | | |
| ADDRESS | CITY | STATE | ZIP CODE |
|  |  |  |  |
| NAME | | | |
|  | **MANAGER OR MANAGING MEMBER** | | |
| ADDRESS | CITY | STATE | ZIP CODE |
|  |  |  |  |

None of the managers or managing members identified in the list of managers and managing members has been identified with the fraudulent intent of concealing the identity of any person or persons exercising the power or authority of a manager or managing member in furtherance of any unlawful conduct.

I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.

X CHAD BROWN

**Signature of Manager, Managing Member or Other Authorized Signature**

Title: MANAGER

Date: 3/29/2016 3:51:58 PM

Nevada Secretary of State List ManorMem
Revised: 7-1-15

# INITIAL/ANNUAL LIST OF MANAGERS OR MANAGING MEMBERS AND STATE BUSINESS LICENSE APPLICATION OF:

**ENTITY NUMBER:** E0143672016-3

**OMNIFIC LLC**
NAME OF LIMITED-LIABILITY COMPANY

FOR THE FILING PERIOD OF **MAR. 2017** TO **MAR. 2018**

USE BLACK INK ONLY - DO NOT HIGHLIGHT

**\*\*YOU MAY FILE THIS FORM ONLINE AT www.nvsilverflume.gov\*\***

☐ Return one file stamped copy. (If filing not accompanied by order instructions, file stamped copy will be sent to registered agent.)

*IMPORTANT:* Read instructions before completing and returning this form.

1. Print or type names and addresses, either residence or business, for all manager or managing members. A **Manager**, or if none, a **Managing Member** of the LLC must sign the form. *FORM WILL BE RETURNED IF UNSIGNED.*
2. If there are additional managers or managing members, attach a list of them to this form.
3. Return completed form with the fee of $150.00. A $75.00 penalty must be added for failure to file this form by the deadline. An annual list received more than 90 days before its due date shall be deemed an amended list for the previous year.
4. State business license fee is $200.00. Effective 2/1/2010, $100.00 must be added for failure to file form by deadline.
5. Make your check payable to the Secretary of State.
6. **Ordering Copies:** If requested above, one file stamped copy will be returned at no additional charge. To receive a certified copy, enclose an additional $30.00 per certification. A copy fee of $2.00 per page is required for each additional copy generated when ordering 2 or more file stamped or certified copies. Appropriate instructions must accompany your order.
7. Return the completed form to: Secretary of State, 202 North Carson Street, Carson City, Nevada 89701-4201, (775) 684-5708.
8. Form must be in the possession of the Secretary of State on or before the last day of the month in which it is due. (Postmark date is not accepted as receipt date.) Forms received after due date will be returned for additional fees and penalties. Failure to include annual list and business license fees will result in rejection of filing.

**Filed in the office of** Barbara K. Cegavske, Secretary of State, State of Nevada
**Document Number:** 20170140514-45
**Filing Date and Time:** 03/31/2017 8:32 AM
**Entity Number:** E0143672016-3

ABOVE SPACE IS FOR OFFICE USE ONLY

**ANNUAL LIST FILING FEE:** $150.00   **LATE PENALTY:** $75.00 (if filing late)
**BUSINESS LICENSE FEE:** $200.00   **LATE PENALTY:** $100.00 (if filing late)

**CHECK ONLY IF APPLICABLE AND ENTER EXEMPTION CODE IN BOX BELOW**

☐ Pursuant to NRS Chapter 76, this entity is exempt from the business license fee. Exemption code: [   ]

**NOTE:** If claiming an exemption, a notarized Declaration of Eligibility form must be attached. Failure to attach the Declaration of Eligibility form will result in rejection, which could result in late fees.

**NRS 76.020 Exemption Codes**
001 - Governmental Entity
005 - Motion Picture Company
006 - NRS 680B.020 Insurance Co.

| | | | | |
|---|---|---|---|---|
| **NAME** CHAD BROWN | | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** 102 WEST JEFFREY PINE ROAD, USA | **CITY** RENO | | **STATE** NV | **ZIP CODE** 89511 |
| **NAME** | | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** | **CITY** | | **STATE** | **ZIP CODE** |
| **NAME** | | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** | **CITY** | | **STATE** | **ZIP CODE** |
| **NAME** | | MANAGER OR MANAGING MEMBER | | |
| **ADDRESS** | **CITY** | | **STATE** | **ZIP CODE** |

None of the managers or managing members identified in the list of managers and managing members has been identified with the fraudulent intent of concealing the identity of any person or persons exercising the power or authority of a manager or managing member in furtherance of any unlawful conduct.

I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.

**X** CHAD A BROWN
**Signature of Manager, Managing Member or Other Authorized Signature**

**Title:** MANAGER
**Date:** 3/31/2017 8:32:31 AM

Nevada Secretary of State List ManorMem
Revised: 7-1-15